**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vance Jamal VALENTINE,**
**Defendant–Appellant.**

No. 92–9215.

United States Court of Appeals,
Eleventh Circuit.

May 23, 1994.

James Ellison, Augusta, GA, for appellant.

Richard H. Goolsby, Asst. U.S. Atty., Augusta, GA, for appellee.

Before TJOFLAT, Chief Judge, EDMONDSON and CARNES, Circuit Judges.

TJOFLAT, Chief Judge:

In this case, we must decide whether the district court's upward departure from the range prescribed by the sentencing guide-

lines comported with the rule enunciated by the Supreme Court in *Burns v. United States*, 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). Since we find that the departure was not proper, we vacate the sentence and remand for resentencing.

## I.

A federal grand jury in the Southern District of Georgia handed down a twenty-nine-count indictment against appellant Vance Jamal Valentine in early 1992. Count One charged Valentine with unlawful dealing in firearms, a violation of 18 U.S.C. § 922(a)(1)(A) (1988). The next thirteen counts alleged that Valentine made false statements when purchasing handguns in violation of 18 U.S.C. § 922(a)(6).[1] Counts Fifteen through Twenty-seven, based upon the same firearms transactions on which Counts Two through Fourteen were premised, asserted violations of 18 U.S.C. § 922(g)(1), which outlaws possession of firearms by a "prohibited person" (in this case, a convicted felon). Count Twenty-eight charged Valentine with transporting five firearms to his brother, a resident of New York, in violation of 18 U.S.C. § 922(a)(5); since Valentine transported the firearms by common carrier, Count Twenty-nine cited a violation of 18 U.S.C. § 922(e).

Valentine negotiated a plea agreement with the Government under which he would plead guilty to Count One; the district court accepted Valentine's guilty plea pursuant to the plea agreement on September 15, 1992. For its part, the Government agreed to make no recommendation as to Valentine's ultimate sentence; to dismiss Counts Two through Twenty-nine; and to recommend a two-level reduction in the offense level based on Valentine's acceptance of responsibility for his conduct (pursuant to U.S.S.G. § 3E1.1). In the plea agreement, however, the Government expressly reserved the right to move for a two-level upward departure in the offense level, pursuant to a policy of then-Attorney General William Barr, premised on the fact that Valentine, a convicted felon, possessed semi-automatic weapons; Valentine reserved the right to oppose the Government's motion.

On October 26, 1992, more than one month before sentencing, the Government exercised its option and moved for the two-level upward departure. In a three-paragraph motion devoid of any case authority, the Government submitted that a departure was appropriate under U.S.S.G. § 5K2.0 because "prohibited persons [such as convicted felons] dealing in semi-automatic weapons constitutes atypical factors not adequately addressed by the sentencing commission" in fashioning the guidelines. No other reason was given for the departure.[2] Valentine filed an opposition to the Government's motion three days later.

At the sentencing hearing, the Assistant United States Attorney, arguing for the Government, reiterated the two allegedly atypical factors included in the written motion—prohibited status and semi-automatic weaponry. Then, he raised a third factor—that Valentine "sent at least thirty-five firearms to the State of New York where it is illegal to even possess such firearms."[3] Valentine objected to the Government's representation that all thirty-five weapons were sent to New York. He also argued that the sentencing guidelines do not cite a weapon's semi-automatic status as a justification for an upward

---

**1.** For each purchase, Valentine completed a Bureau of Alcohol, Tobacco, and Firearms form containing the question, "Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?" The indictment alleges that Valentine falsely answered "no" on each form.

**2.** The Base Offense Level under Count One—as determined by the Probation Office and as adopted by the district court—was 12. The district court also adopted the Probation Office's recommendation that the offense level be reduced by two levels due to Valentine's acceptance of responsibility. It is undisputed that Valentine fell into Criminal History Category IV.

**3.** The record indicates that Valentine sent *five* firearms to New York.

departure and asserted that Valentine was not a "prohibited person." [4] He did not, however, object to the Government's assertion that the weapons that were transported to New York were illegal in that jurisdiction.

The district court refused to grant the Government's motion on the basis of prohibited status or semi-automatic weaponry, the two justifications asserted in the Government's written motion. The district court was concerned, however, with "the nature of the transactions themselves." Valentine, the court concluded, possessed "absolutely certain knowledge that ... these firearms ... would be on the street involved in the drug trade and drug deals and provide an opportunity and a basis for a great deal of anti-social conduct and mischief to occur in an already sadly beleaguered municipality." Thus, the district court departed upward from the guidelines (which mandated a term of fifteen to twenty-one months imprisonment) and imposed a term of forty-eight months.[5] Valentine appeals this sentence.

## II.

■ In *Burns v. United States,* 501 U.S. at 137–38, 111 S.Ct. at 2187, the Supreme Court held that, pursuant to Fed.R.Crim.P. 32, a district court must give the Government and the defendant "reasonable notice that it is contemplating" an upward departure "on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government." If the district court fails to give

reasonable notice, the defendant's due process rights have been violated, and the appellate court must vacate the sentence and remand for resentencing.

■ In its brief, the Government acknowledges that a *Burns* violation occurred. The Government argues, however, that the violation was merely technical and that we should affirm the sentence despite the violation of Valentine's due process rights. The Government's argument is premised on its assertion that Valentine did not object specifically to the increased sentence at the sentencing hearing and that a plain error standard of review therefore applies. *See United States v. Paslay,* 971 F.2d 667, 674 n. 13 (11th Cir.1992) ("*Burns* notice [is] subject to waiver and limited review under the plain error rule when a defendant fails to make a timely objection predicated on *Burns* in district court."). Under the plain error rule, the Government proffers three arguments as to why we should not vacate Valentine's sentence. We find that none have merit.

The Government first states that Valentine was afforded an opportunity to respond orally to the enhanced sentence immediately after the district court imposed it; that opportunity, which Valentine did not utilize, allegedly cures the *Burns* violation. This court has already determined, however, that "Rule 32 requires both an opportunity to comment upon the departure, and *reasonable notice* of the contemplated decision to depart." *United States v. Wright,* 968 F.2d 1167, 1174

---

**4.** Valentine argued that, since he had pled *nolo contendere* to a Georgia felony, he had not been convicted of that crime, could not be deemed a "convicted felon," and thus was not a "prohibited person" under § 922(g)(1).

**5.** A term of forty-eight months lies within the sentencing range appropriate for a total offense level of 18, eight levels above the offense level of 10 recommended by the Probation Office and preliminarily accepted by the district court at the sentencing hearing, and six levels above the offense level of 12 recommended by the Government in its motion to depart upward.

The district court made no finding that a Total Offense Level of 18 was appropriate to Valentine's crime. In fact, in imposing the forty-eight month sentence, the district court made no reference at all to the sentencing guidelines; rather, it appears that the district court merely imposed a sentence it deemed appropriate, regardless of what the sentencing guidelines mandated.

Because the district court did not provide a factual foundation to justify its sentence, we have no means to determine whether that sentence is appropriate. This type of baseless, unguided enhancement destroys uniformity of sentences and undermines the purposes of the sentencing guidelines.

(11th Cir.1992), *judgment vacated on other grounds,* —— U.S. ——, 113 S.Ct. 2325, 124 L.Ed.2d 238 (1993). Contemporaneous—as opposed to advance—notice of a departure, at least in this case, is "more a formality than a substantive benefit," *id.,* and therefore is inherently unreasonable. Since Valentine did not receive reasonable notice, only one of Rule 32's mandates was met; thus, Valentine's opportunity to respond did not cure the *Burns* violation.[6]

A second ground on which we may affirm Valentine's sentence, the Government asserts, is that the essential facts of this case are not in dispute; thus, advance notice of a proposed *sua sponte* departure is unnecessary. This argument also fails. One of the purposes of a *Burns* notice is to warn the defendant to marshall facts by which he may contest the evidence that ostensibly supports the proposed upward departure. In this case, however, the government offered no evidence in support of the upward departure. The district court sentence, therefore, was premised on several unsupported factual assumptions, specifically that "a substantial portion" of the guns were transported to New York; that the guns were used in the illegal drug trade; and that Valentine absolutely knew that the guns would be so used. Valentine's counsel objected to these assumptions of fact immediately after the district court imposed sentence. If Valentine had been given notice that the district court was contemplating a departure based on these "facts," he would have had notice and opportunity to argue against the court's mistaken factual conclusions; without such notice, this opportunity was lost.

Finally, the Government proffers a third reason why we should affirm Valentine's sentence: that Valentine has failed to show prejudice as required by the plain error rule. Given the discussion just concluded—that the district court mistakenly relied on nonexistent facts—as well as the substantial extra prison time (approximately thirty months) imposed by the district court, we find that Valentine was deprived of a fundamentally fair sentencing hearing. Thus, we hold that Valentine was prejudiced by the district court's failure to give him notice; that the district court committed plain error; and that an application of *Burns* to the facts of this case requires that we vacate Valentine's sentence and remand for resentencing.[7]

## III.

In this case, the district court departed upward from the guideline offense level, eventually imposing (through no guided means) a sentence approximately three times as severe as the one mandated by the guidelines. The district court also imposed this sentence without affording Valentine notice of the proposed upward departure as required by *Burns,* thus committing plain error. The sentence imposed upon appellant Valentine therefore is VACATED and this case is REMANDED for resentencing.

IT IS SO ORDERED.

---

**6.** In a related argument, the Government urges that we affirm Valentine's sentence since the third justification for its motion for an upward departure parallels the reasoning invoked by the district court. This argument has two fatal flaws. First, the Government's third justification is not equivalent to the district court's reasons; thus, under *Burns,* the Government's notice does not cure the violation. Nonetheless, even if the district court had adopted the Government's third justification verbatim, the Government's justification was announced for the first time *during* the sentencing hearing; this on-the-spot notice does not fulfill the "reasonable notice" requirement of *Burns.*

**7.** Because we vacate the sentence imposed by the district court, we need not address the other issues raised by Valentine on appeal.