**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 99-4754

GERALD CECIL HOOKS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-99-39)

Submitted: June 27, 2000

Decided: September 14, 2000

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin C. Walker, Acting Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Dennis M. Duffy, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gerald Cecil Hooks pled guilty to three counts of possession of stolen mail, 18 U.S.C. §§ 2, 1708 (1994), five counts of producing false identification documents, 18 U.S.C.A. §§ 2, 1028(a)(1) (West 2000), and one count of using false identification documents, 18 U.S.C.A. §§ 2, 1028(a)(7) (West 2000). Hooks was sentenced to a term of 63 months imprisonment after the district court departed upward from the guideline range on two grounds. On appeal, Hooks challenges the court's one-level departure for possible but as-yet-undiscovered losses to five banks. He contends that the district court failed to give him adequate notice that it might depart on that ground. We vacate the sentence and remand for resentencing.

Hooks stole mail from residential mailboxes and used information from personal checks to create counterfeit checks and fraudulent driver's licenses. He then negotiated the counterfeit checks at numerous banks in North Carolina using the fraudulent driver's licenses as identification. After he was apprehended, Hooks entered into a plea agreement which was conditionally accepted by the district court. However, at Hooks' first sentencing hearing, the district court decided that Hooks' plea agreement did not provide adequate punishment for his conduct and rejected the plea agreement.* A few days later the court reconsidered, decided to accept the plea, and gave notice that it might depart upward, but did not identify any particular ground for departure.

The government then filed a sentencing memorandum and motion for upward departure, arguing that the applicable guideline, <u>U.S. Sen-</u>

_____

*The plea agreement provided for the dismissal of Count One, a conspiracy charge, but neither Count One nor its dismissal affected the guideline range.

2

tencing Guidelines Manual § 2F1.1 (1998), adequately accounted for the monetary losses resulting from Hooks' conduct, but did not account for the non-monetary losses to individual victims whose mail and identities had been stolen. The government mentioned in its memorandum that there was a possibility that losses might have been suffered by a few banks whose logos appeared in digital photographs on Hooks' computer disks, although no losses had been reported by those banks. The government did not request a departure on this ground, and also stated in the memorandum that § 2F1.1 had accounted for the monetary loss incurred by the institutional victims.

At the second sentencing hearing, the district court departed upward by two levels because § 2F1.1 did not adequately account for the non-monetary harm and emotional trauma to the individuals whose mail and identification information were stolen. The court then departed upward by one additional level to account for potential additional losses to the five banks whose logos were found on Hooks' computer disks.

In Burns v. United States, 501 U.S. 129, 138 (1991), the Supreme Court held that a sentencing court may not depart upward for a reason not identified in the presentence report or in a government departure motion as a possible ground for departure without first giving the defendant notice that it is considering a departure on that specific ground. See Burns, 501 U.S. at 138-39. See also United States v. Maddox, 48 F.3d 791, 799 (4th Cir. 1995); United States v. Maxton, 940 F.2d 103, 106 (4th Cir. 1991). Hooks did not receive specific notice that the district court might depart because of as-yet-undiscovered losses to banks.

The government argues that Hooks was on notice that the district court might depart on this ground because the court asked, at the first sentencing hearing, about whether all the victims were known and elicited testimony from Secret Service Agent Joseph Casper that new victims were still being located. The government also points to the district court's general notice that it might depart, and the government's departure motion, which mentioned the difficulty to determine the exact of amount of bank losses.

However, the focus of the government's departure motion was on non-monetary harm to individual victims, and the district court gave

3

no indication prior to departing that it was considering a departure based on monetary losses to banks. <u>Burns</u> requires that the defendant have notice of the specific ground for departure so that he may prepare to contest it. <u>See United States v. Mangone</u>, 105 F.3d 29, 35 (1st Cir. 1997); <u>United States v. Valentine</u>, 21 F.3d 395, 398 (11th Cir. 1994).

The government also argues that, even if Hooks did not have the notice required under <u>Burns</u>, he failed to preserve the issue for appeal by not objecting, and that the district court's failure to comply with <u>Burns</u> was not plain error. <u>See United States v. Olano</u>, 507 U.S. 725, 731-32 (1993) ("plain" error must be obvious, affect substantial rights, and require coercion to protect fairness, integrity, and public reputation of judicial proceedings). Here, the district court clearly deviated from the rule set out in <u>Burns</u> to safeguard the defendant's right under Fed. R. Crim. P. 32, to comment on matters relating to the sentence. Moreover, the additional departure increased the upper limit of Hooks' guideline range from fifty-seven months to sixty-three months and the court imposed a sentence at the top of the guideline range. Therefore, the error was plain and affected Hooks' substantial rights. <u>See Mangone</u>, 105 F.3d at 35-36. Consequently, we find that resentencing is required.

We therefore vacate the sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

4