[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 9, 2006
THOMAS K. KAHN
CLERK

No. 05-10771
Non-Argument Calendar

_____

D. C. Docket No. 04-20688-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ENRIQUE RAMIREZ FLOREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 9, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Jorge Enrique Ramirez Florez appeals his 36-month sentence imposed after pleading guilty to unlawful attempted reentry after deportation following the commission of a felony, in violation of 8 U.S.C. §§ 1326(a), (b)(1).  On appeal, Ramirez Florez argues that the district court erred when it failed to provide prior notice of its intent to depart upwardly from the guidelines and also when it addressed Ramirez Florez's counsel, rather than Ramirez Florez personally, regarding his desire to allocute.  After review, we vacate Ramirez Florez's sentence and remand for resentencing.

## I. FACTUAL BACKGROUND

Ramirez Florez, an alien, pled guilty to unlawfully arriving at Miami International Airport after having been previously deported from the United States in May 1994 as a convicted felon.  As to Ramirez Florez's criminal history, the Presentence Investigation Report ("PSI") listed one criminal conviction, a 1993 state conviction for grand theft.  The PSI also listed sixteen arrests ranging from 1981 to 1996, but provided the factual circumstances for only one arrest, a 1996 arrest for larceny.[1]  The PSI stated that the circumstances for the other arrests were

---

[1]The PSI listed the following: (1) eight arrests between 1981 and 1996 on such charges as grand theft, theft, burglary, receiving stolen property, carrying a concealed weapon, and false identification to a peace officer, where each of the charges were ultimately dismissed; (2) three arrests between 1994 and 1996 on charges of illegal entry or deportation proceedings, where, for each of the charges, Ramirez Florez was removed or voluntarily returned to Mexico; (3) two arrests, one in 1985 for possession of a controlled substance and one in 1996 for larceny, where, for each of the charges, a bench warrant was issued and the charge remained active; and (4) three

not available. The PSI recommended a total adjusted offense level of 10, a criminal history category II and a guideline range of 8 to 14 months' imprisonment. The PSI also recommended that there were no factors warranting a departure.

At the sentencing hearing, Ramirez Florez and the government each indicated that they had no objections to the PSI. The district court then announced its intention to depart upwardly from the guideline range based on Ramirez Florez's multiple arrests and deportations. Defense counsel objected to the use of the arrests because those cases had been dismissed and the government failed to provide the information needed to permit the court to determine whether Ramirez Florez was guilty of the offenses.

The district court asked defense counsel, "Anything else? Does he want to say anything?" Defense counsel responded, "No, thank you, Your Honor." The district court then upwardly departed and sentenced Ramirez Florez to 36 months' imprisonment. At the time sentence was imposed, the district court did not reference U.S.S.G. § 4A1.3 as the basis for the upward departure. However, the district court later filed a statement of reasons indicating that it had departed above the guidelines range pursuant to § 4A1.3 because Ramirez Florez's criminal history

arrests, one in 1982 for grand theft, one in 1985 for possession of stolen property, and one in 1999 for illegal entry, where, for each of the charges, the disposition of the charge was unknown.

3

category had under-represented the seriousness of Ramirez Florez's criminal history and his likelihood that he would reenter the United States. This appeal followed.

## II. STANDARD OF REVIEW

On appeal, Ramirez Florez claims the district court erred by failing to give him the required notice of its intent to upwardly depart and by failing to address Ramirez Florez personally and invite him to allocute. Ramirez Florez failed to object at sentencing on the grounds now raised on appeal, and thus we review for plain error. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003).[2] We correct plain error when: (1) there is error; (2) the error is plain; (3) it affects the defendant's substantial rights; and (4) it seriously affects the fairness, integrity or public reputation of the judicial proceedings. United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002).

## II. DISCUSSION

Ramirez Florez argues, and the government agrees, that the district court improperly departed upward from the guidelines range because it did not give

___

[2]Although Ramirez Flores did not lodge an objection with the district court that he had received insufficient notice of the upward departure, he contends that plain-error review should not apply to this issue because he was unable to make a proper objection at sentencing due to the district court's failure to make clear the basis for its upward departure. Because we conclude that the district court committed reversible error under the more stringent plain-error standard, we need not resolve this issue.

notice prior to the sentencing hearing that it would consider an upward departure. We also agree.

Federal Rule of Criminal Procedure 32 permits a court to depart from the applicable guidelines range on a ground not identified in the PSI or in the government's pre-hearing submission only if it provides a criminal defendant reasonable notice specifying the ground upon which it is contemplating a departure. See Fed. R. Crim. P. 32(h); see also Burns v. United States, 501 U.S. 129, 138-39 111 S. Ct. 2182, 2187 (1991).[3] We have held that "reasonable notice" requires, at a minimum, that notice be given before the sentencing hearing. United States v. Jones, 1 F.3d 1167, 1169 (11th Cir. 1993).

Here, the district court plainly erred by not giving Ramirez Florez notice before the sentencing hearing that it was contemplating an upward departure under U.S.S.G. § 4A1.3. The PSI did not suggest an upward departure, and the government made no such suggestion in its pre-hearing submission. The first mention of a possible departure from the guidelines range was made by the district court at the sentencing hearing. Thus, there was error that was plain, satisfying the first two prongs of plain-error review.

As to the third prong, the Burns-notice error affected Ramirez Florez's

_____

[3]Rule 32 was recently amended to reflect the Supreme Court's holding in Burns, and the failure to provide the notice required in Rule 32 is commonly referred to as a Burns violation.

substantial rights under the factual circumstances of this case.  See United States v. Valentine, 21 F.3d 395, 397-98 (11th Cir. 1994) (holding that district court committed plain error when it failed to provide pre-hearing notice of an upward departure, relied upon unsupported factual assumptions as a basis for the departure and imposed a sentence substantially in excess of the guidelines range).  First, if defense counsel had known prior to the hearing that Ramirez Florez's prior arrests might be used to support an upward departure, he would have had an opportunity to marshal facts to contest a departure on this basis.  See id. at 398 (explaining that defendant was prejudiced because the lack of pre-hearing notice deprived counsel of the opportunity to contest factual assumptions used to support upward departure).  Second, Ramirez Florez has presented arguments on appeal challenging the use of the prior arrests and shown that they could have been made at sentencing if given adequate notice of the upward departure.  See Jones, 1 F.3d at 1171.

Third, the district court sentenced Ramirez Florez to a term of imprisonment (36 months) significantly higher than the applicable guidelines range (8 to 14 months).  See Valentine, 21 F.3d at 398 (pointing to the defendant's "substantial extra prison time" in determining that defendant was prejudiced by the erroneous upward departure).  Under the circumstances of this case, Ramirez Florez has

6

shown not only that the error affected his substantial rights, but also that the error seriously affected the fairness and integrity of the sentencing hearing. Based on the foregoing, we vacate and remand for resentencing, with instructions to provide reasonable <u>Burns</u> notice if an upward departure under § 4A1.3 will be considered.[4]

Although the district court's <u>Burns</u> violation alone requires us to vacate and remand for resentencing, we note that the parties agree that the district court also erred when it failed to address Ramirez Florez personally in inquiring about Ramirez Florez's desire to allocute. <u>See</u> Fed. R. Crim. P. 32(i)(4)(A)(ii) (providing that, before imposing sentence, the district court must personally address the defendant "in order to permit the defendant to speak or present any information to mitigate the sentence"); <u>United States v. Prouty</u>, 303 F.3d 1249, 1251-52 & n.1 (11th Cir. 2002) (holding that the district court plainly erred when it offered the opportunity to allocute to defense counsel rather than to defendant personally). At resentencing, the district court will have the opportunity to address Ramirez Florez personally and invite him to speak.

---

[4] Because we conclude that the district court plainly erred in upwardly departing in violation of Rule 32 and <u>Burns</u>, we need not address Ramirez Florez's many other arguments, such as that: (1) the district court improperly relied on the arrest reports as a basis for the upward departure, especially where they were not supported by a factual summary of each arrest drawn from a police report; (2) the district court erred in failing to make a "guided" departure as required by U.S.S.G. § 4A1.3(a)(4); and (3) due process and ex post facto considerations require that he be sentenced on remand within the applicable guidelines range because his offense and conviction occurred prior to <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005). These arguments are properly directed in the first instance to the district court at resentencing.

Finally, we decline Ramirez Florez's request that we reassign this case to a different judge on remand. Ramirez Florez agrees that this district judge does not harbor any personal animus toward him. We see no basis in this record for reassignment. See United States v. Torkington, 874 F.2d 1441, 1446-47 (11th Cir. 1989) (stating factors to consider when this Court is exercising its authority to order reassignment); see also United States v. Gupta, 363 F.3d 1169, 1177 (11th Cir. 2004) (rejecting a request for reassignment and holding that there was no reason to doubt the district judge's judgment or impartiality, even if the judge were to impose the same sentence he suggested at the previous sentencing).

In conclusion, because of the plain error in the lack of the pre-hearing notice required by Rule 32 and Burns, we vacate Ramirez Florez's sentence and remand for a new sentencing consistent with this opinion.

**VACATED and REMANDED.**