[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13783
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:10-cr-60146-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIEGO L. SIMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 31, 2011)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Diego L. Siman appeals his 84-month, above-guideline sentence imposed after

pleading guilty to wire fraud, in violation of 18 U.S.C. § 1343. Siman argues: (1) for

the first time on appeal that district court's deviation above the guideline range constitutes an upward departure of which he was entitled to advance notice per Fed.R.Crim.P. 32(h); (2) in the alternative, that the above-guideline sentence is substantively unreasonable; and (3) that the district court violated Fed.R.Crim.P. 32(i)(1)(C) and his right to due process by considering undisclosed victim letters to determine his sentence without first providing Siman with copies of all of the letters. After careful review, we affirm.

We review objections not raised at the sentencing hearing and raised for the first time on appeal for plain error. See United States v. Valentine, 21 F.3d 395, 397 (11th Cir. 1994). Under the plain error standard, the appellant must show (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732 (1993). We review the substantive reasonableness of a sentence under "a deferential abuse-of-discretion standard" considering the "totality of the circumstances" and giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the sentence imposed. United States v. Livesay, 525 F.3d 1081, 1090-91 (11th Cir. 2008) (quotation omitted). Finally, we review constitutional challenges to a sentence de novo. United States v. Chau, 426 F.3d 1318, 1321 (11th Cir. 2005). "We are precluded, however, from reviewing an issue

raised on appeal if it has been waived through the doctrine of invited error." United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009) (emphasis omitted).

First, we reject Siman's claim that the district court plainly erred in failing to give notice that it was considering imposing an upward departure. It is undeniable that a district court is required to give reasonable notice to the defendant when it contemplates departing from the sentencing range on grounds not identified for departure in the PSI or other presentencing submissions. Fed.R.Crim.P. 32(h). However, this notice requirement applies only to departures, not to discretionary variances. United States v. Irizarry, 458 F.3d 1208, 1212 (11th Cir. 2006), aff'd, 553 U.S. 708, 716 (2008). We have held that an above-guideline sentence was the result of a variance, rather than a departure, when the district court did not cite to a specific guideline departure provision and stated that the guideline range did not adequately account for the severity of the offense. United States v. Eldick, 443 F.3d 783, 788 n.2 (11th Cir. 2006); see also Irizary, 458 F.3d at 1211-12 (holding that the district court imposed a discretionary variance rather than a departure, because it considered the adequacy of the range in light of 18 U.S.C. § 3553(a) and the evidence presented of "the future risk Defendant posed to the public").

Similarly, in this case, the district court calculated the correct advisory guideline range and considered the victim statements and the statements presented by

the defense. The district court said that after considering the statements of the parties and the § 3553(a) factors, the case warranted a sentence above the guideline maximum and set forth its reasoning at length, specifically citing the seriousness and magnitude of the crime, as well as the need for just punishment and adequate deterrence. Although the district court repeatedly referred to the above-guidelines sentence as an "upward departure," the district court did not cite to a guideline departure provision or indicate that it was following the departure framework in U.S.S.G. Chapter 5. See Eldick, 443 F.3d at 788 n.2. Considering the entire record, then, the district court clearly "exercised its post-Booker discretion to impose a reasonable sentence outside the sentencing guideline range" in light of the § 3553(a) factors. See Irizarry, 458 F.3d at 1211-12. As a result, the sentence was the result of a variance, which did not trigger the notice requirement in Rule 32(h), and the district court did not err, plainly or otherwise, in failing to give notice of its intent to impose an above-guideline sentence.

Furthermore, Siman has failed to show that the district court committed a clear error of judgment or that the 84-month, above-guideline sentence imposed is outside the range of reasonable sentences based on the facts of this case. See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc), petition for cert. filed, (U.S. Nov. 24, 2010) (No. 10-727). The district court was not bound by the government's

recommendation of a sentence at the bottom of the guideline range. See Eldick, 443 F.3d at 789. Additionally, the district court is permitted to impose an upward variance where the guidelines do not adequately address the seriousness and magnitude of the harm caused by the defendant. See id.

As the record shows, the district court heard the defendant's statement, victims' statements, and the government's recommendation, and determined that the need for adequate deterrence and just punishment would not be satisfied by a sentence within the guideline range. And despite Siman's contentions, the factors under § 3553(a) do not require "vulnerable victims" or "special factors." See 18 U.S.C. § 3553(a). The evidence presented at the hearing indicated that Siman took advantage of and, in some cases, took the entire life savings from "innocent people, hardworking people trying to accumulate funds for a college education, for retirement, to make their lives better." The district court found that Siman's fraud was "serious" and "egregious." Finally, although Siman's 84-month sentence is 21 months above the maximum of the guideline range, it is well below the 20-year statutory maximum sentence. Thus, Siman's 84-month sentence is substantively reasonable.

Finally, Siman waived his rights under Fed.R.Crim.P. 32(i)(1)(C) to review the undisclosed victim impact letters, and thus, invited the error to which he now appeals. This "doctrine of invited error is implicated when a party induces or invites the

district court into making an error." <u>Brannan</u>, 562 F.3d at 1306. "Thus, if a party waives a procedural right or agrees to the admissibility of certain evidence, he cannot later complain that any resulting error is reversible." <u>Id.</u>

Indeed, even if the district court erred by considering the <u>ex parte</u> victim impact letters, Siman repeatedly failed to object prior to the district court imposing sentence, despite frequent discussion of the letters during the course of the sentencing hearing. When Siman finally objected after the sentence was imposed, he subsequently waived his objection by declining to review the letters and provide a rebuttal when offered the opportunity by the district court. Accordingly, Siman invited the error from which he now appeals, and moreover, has failed to show how the error resulted in any prejudice to him at sentencing. We affirm Siman's 84-month sentence.

**AFFIRMED.**