[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13371
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00585-WFJ-CPT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS RAMIREZ-ARCOS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 5, 2021)

Before LAGOA, BRASHER, and ED CARNES, Circuit Judges.

PER CURIAM:

Juan Carlos Ramirez-Arcos pleaded guilty to one count of possession of a firearm or ammunition by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2).  He appeals his 60-month sentence, contending that the district court imposed an upward departure under the sentencing guidelines without giving him notice as required by Fed. R. Crim. P. 32(h).

I.

In October 2015 Ramirez-Arcos shot and killed Jose Luis Mendoza-Aguilar. Ramirez-Arcos claimed self-defense.  A jury acquitted him of all charges.  At the time of the shooting, Ramirez-Arcos was a foreign national unlawfully present in the United States.

One week after his acquittal federal authorities arrested Ramirez-Arcos for possession of a firearm or ammunition by an illegal alien (relating to the same shooting).  He pleaded guilty to possession of ammunition.  The presentence investigation report stated his offense level was 14 under United States Sentencing Guidelines § 2K2.1(a)(6)(A).  The PSR did not apply any enhancements or reductions.  Based on an offense level of 14 and a criminal history category of III, his guidelines range was 21 to 27 months imprisonment.  The PSR did not identify any factors that warranted a departure from that guidelines range, but it did note that an upward variance may be warranted to promote respect for the law under 18 U.S.C. § 3553(a)(2)(A) and to deter criminal conduct under § 3553(a)(2)(B).

2

Ramirez-Arcos objected to not receiving a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

In its sentencing memorandum, the government contended that the district court should depart upward under U.S.S.G. § 5K2.1 because Ramirez-Arcos' criminal conduct resulted in death. It also argued that the § 3553(a) factors supported varying upward to a higher sentence.

At the sentence hearing the district court ruled that Ramirez-Arcos was entitled to a two-level reduction under U.S.S.G. § 3E1.1, which lowered his offense level to 12. Coupled with a criminal history category of III, his guideline range was 15 to 21 months imprisonment and 1 to 3 years of supervised release.

After hearing argument, the district court stated that the case was "outside the heartland of guideline calculations." It ruled that U.S.S.G. § 5K2.1 (death) and § 5K2.2 (injury) warranted an upward departure because Ramirez-Arcos' criminal conduct resulted in death. It also ruled that § 5K2.14 (public welfare) warranted an upward departure because the gun Ramirez-Arcos allegedly used was found in a trailer park where children were present. It added that his criminal history and unlawful presence in the country also supported an upward departure and variance.

The district court sentenced Ramirez-Arcos to 60 months imprisonment and 3 years of supervised release, explaining that it had varied upward under § 3553(a)

and departed upward under the guidelines.  Ramirez-Arcos objected to the upward

departure but did not specify the grounds for his objection.  This is his appeal.

## II.

We would usually review de novo the issue Ramirez-Arcos' raises about the

Fed. R. Crim. P. 32(h) requirement that advance notice be provided before an

upward departure is imposed.  See United States v. Spears, 443 F.3d 1358, 1361

(11th Cir. 2006).  Because he raises it for the first time on appeal, however, we

review only for plain error.  See United States v. Lange, 862 F.3d 1290, 1293 (11th

Cir. 2017).  To establish plain error, Ramirez-Arcos must show: "(1) there is an

error; (2) that is plain or obvious; (3) affecting his substantial rights in that it was

prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or

public reputation of the judicial proceedings."  United States v. Cingari, 952 F.3d

1301, 1305 (11th Cir. 2020).  The plain error test is "difficult to meet"; reversal is

proper only in "circumstances in which a miscarriage of justice would otherwise

result."  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005)

(quotation marks omitted).

## A.

We start with the first prong: whether the district court erred in imposing an

upward departure based on U.S.S.G. §§ 5K2.2 and 5K2.14 without notifying

4

Ramirez-Arcos of its intent to do so as required by Fed. R. Crim. P. 32(h).[1]  That rule provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure.  The notice must specify any ground on which the court is contemplating a departure.

The rule entitles defendants to notice of the "specific grounds for any upward departure that a sentencing court is considering."  United States v. Paslay, 971 F.2d 667, 673 (11th Cir. 1992) (citing Burns v. United States, 501 U.S. 129, 135 (1991)).  The notice must identify "each and every ground offered in support of an upward departure" and must be given "within a 'reasonable' amount of time prior to the sentencing hearing."  Id. at 674 n.11 (citing Burns, 501 U.S. at 138).

Ramirez-Arcos never received pre-hearing notice that the district court was contemplating departing upwards based on either § 5K2.2 or § 5K2.14.  Although the government argued in its sentencing memorandum for an upward departure based on § 5K2.1, it concedes that it did not request a departure based on either § 5K2.2 or § 5K2.14.[2]  Nor did the PSR recommend a departure based on either of

---

[1] This appeal concerns the district court's decision to depart upwards from the guidelines range, not its decision to vary upwards.  Rule 32(h) applies only to departures.  See United States v. Hall, 965 F.3d 1281, 1295–96 (11th Cir. 2020) (distinguishing departures from variances).

[2] It is not enough that the government argued for an upward departure on other grounds. See Paslay, 971 F.2d at 673 ("Although the government's sentencing memorandum did suggest an upward departure, it did not specifically suggest a departure based on section 5K2.6.").

those grounds.  Because the district court failed to notify Ramirez-Arcos that it was contemplating a departure based on § 5K2.2 and § 5K2.14, it violated Rule 32(h), and he has established error.  See United States v. Hesser, 800 F.3d 1310, 1324 (11th Cir. 2015) ("[A]n 'error' is simply a deviation from a legal rule.").

B.

The next question is whether the district court's error was plain.  Cingari, 952 F.3d at 1305.  An error is plain if "the legal rule is clearly established at the time the case is reviewed on direct appeal."  Hesser, 800 F.3d at 1325.  We have long held that a sentencing court must give a defendant pre-hearing notice of the "specific grounds for any upward departure that [the court] is considering" if those grounds are not stated in the presentence documents, Paslay, 971 F.2d at 673 & n.11; see also United States v. Valentine, 21 F.3d 395, 397 (11th Cir. 1994), so that rule is clearly established, and Ramirez-Arcos has established that the district court's error was plain, see Hesser, 800 F.3d at 1325.

C.

As for the third prong, an error affects an appellant's substantial rights if "it was prejudicial and not harmless," which requires "a reasonable probability of a different result absent the error."  Cingari, 952 F.3d at 1305.

6

Ramirez-Arcos has identified arguments that he could have raised to contest a departure under § 5K2.2 and § 5K2.14 had he received notice.[3]  And he argues that the lack of notice prevented him from refuting the findings underpinning the district court's departures by calling witnesses and presenting evidence.

We have held that similar showings sufficed to prove that an error affected an appellant's substantial rights.  See Valentine, 21 F.3d at 398 ("If Valentine had been given notice that the district court was contemplating a departure based on these 'facts,' he would have had notice and opportunity to argue against the court's mistaken factual conclusions; without such notice, this opportunity was lost.").  Because there is a reasonable probability that Ramirez-Arcos' sentence might have been different but for the district court's error, it affected his substantial rights.  Cingari, 952 F.3d at 1305.

## D.

The fourth prong asks whether the district court's error "seriously affects the fairness, integrity, or public reputation of the judicial proceedings."  Cingari, 952 F.3d at 1305.  Based on our precedent, it did.

---

[3] For instance, Ramirez-Arcos asserts that he could have argued that a departure under § 5K2.2 (injury) was not warranted because the injury merged with the death resulting from his conduct, which was already covered by § 5K2.1 (death).  Moreover, as to § 5K2.14 (public welfare), he asserts that he could have disputed whether the gun found in the trailer park was his, and could have argued that the ammunition he possessed was not exceptionally dangerous.

In <u>Jones</u>, we held that the "failure to give pre-hearing notice" as required by Rule 32(h) was a "failure so obvious and substantial that it affected the fairness and integrity of [the defendant's] sentencing hearing," reasoning:

> It does not suffice to suggest that had notice been given the judge might well have reached the same decision about an upward departure. <u>Burns</u>' purpose was to insure that a decision as critical as an upward departure will be tested by the adversarial process. By not providing [the defendant] with notice that it might depart upward if his prior sentences were found to be related, the court diluted [the defendant's] right to comment on the appropriate sentence and prevented the decision to depart upward from being fully tested by the adversarial process.

1 F.3d at 1170 (citation omitted). Likewise, in <u>Valentine</u>, we held that the defendant was "deprived of a fundamentally fair sentencing hearing" when the district court failed to notify him of the grounds for an upward departure and imposed a sentence "approximately three times as severe as the one mandated by the guidelines." 21 F.3d at 398.

The rationale animating the <u>Valentine</u> and <u>Jones</u> decisions applies here. The district court departed from a guideline range of 15 to 21 months imprisonment to 60 months imprisonment. <u>See</u> <u>Valentine</u>, 21 F.3d at 398; <u>Jones</u>, 1 F.3d at 1170.[4]

For those reasons we vacate his sentence and remand for resentencing.

**VACATED AND REMANDED.**

---

[4] Nothing we say in this opinion is directed at the substantive reasonableness of Ramirez-Arcos' sentence or implies any view about it.