**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-11255
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JORGE GOMEZ-CARBAJAL,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00163-JDW-AAS-1

_____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

In November of 2018, the district court sentenced Jorge Gomez-Carbajal to 130 months' imprisonment for possessing five grams or more of methamphetamine with intent to distribute and

carrying a firearm during and in relation to a drug trafficking crime. In 2024, Mr. Gomez-Carbajal filed a motion in the district court for "Retroactive Application of Sentencing Guidelines pursuant to Amendment 821." D.E. 71. The court denied the motion, *see* D.E. 79, and Mr. Gomez-Carbajal now appeals.

## I

Mr. Gomez-Carbajal is no stranger to the criminal justice system. He was previously convicted of illegal reentry after deportation and unlawful reentry—for which he was removed from the United States for the fourth time—only a few years before the drug and firearms offenses which led to the 130-month sentence. *See* App. D.E. 27 at 12.

Following those removals, Mr. Gomez-Carbajal found his way back to the United States. In October of 2017, law enforcement officers found him while he was cleaning his car at a car wash in Florida. *See* D.E. 23 at 17. At the time, Mr. Gomez-Carbajal was wanted on both federal and state warrants. *See id.* When the officers approached him, Mr. Gomez-Carbajal attempted to jump in his car and close the door to drive off, but a vacuum hose got caught in the car door and foiled his escape. *See id.* As the officers reached into the car to arrest him, Mr. Gomez-Carbajal grasped toward two firearms that were leaning on the passenger seat—a semi-automatic rifle (loaded with 18 rounds of ammunition with one in the chamber) and a pistol (loaded with 14 rounds with one in the chamber). *See id.* at 18. After the arrest, officers also recovered a bandana

commonly associated with the Sureños gang and a pouch containing 26.35 grams of pure methamphetamine. *See id.*

On July 11, 2018, Mr. Gomez-Carbajal pled guilty to drug and firearm offenses pursuant to a plea agreement. *See* D.E. 26, 31. For those offenses, the district court sentenced him to 130 months' imprisonment. *See* D.E. 41.

Mr. Gomez-Carbajal later filed a motion for sentence modification titled "Retroactive Application of Sentencing Guidelines pursuant to Amendment 821." D.E. 71. In his motion, he argued that there were extraordinary and compelling reasons for granting a sentence reduction, which included: (1) a sentencing disparity following Amendment 821; (2) health risks due to the COVID-19 pandemic; (3) his rehabilitation and personal transformation; (4) the opportunity to live with his older brother when released; and (5) he no longer poses a danger to any person or the community. *See id.* at 23–24.

The district court denied Mr. Gomez-Carbajal's motion. *See* D.E. 79. With respect to his sentencing disparity argument, the court concluded that Mr. Gomez-Carbajal did not deserve a recalculation of his sentence because he remains a danger to the community. *See id.* at 2. As for the remainder of Mr. Gomez-Carbajal's motion, the district court construed it as a motion for compassionate release. *See id.* at 3. The court denied that construed motion because the 18 U.S.C. § 3553(a) factors did not support a sentence reduction and because Mr. Gomez-Carbajal had not demonstrated

that there were extraordinary and compelling reasons that warranted early release. *See id.* at 5.

Mr. Gomez-Carbajal now appeals, challenging only the denial of compassionate release. He argues that the district court erred by failing to consider his reasons for compassionate release in combination, instead of individually, when determining whether they were extraordinary and compelling. *See* Appellant's Br. at 5. He also asserts that the court erred by not rebalancing the § 3553(a) factors given new circumstances that did not exist at the time of his original sentencing hearing. *See id.* Finally, Mr. Gomez-Carbajal contends that the district court erred by finding that he posed a danger to the community because it erroneously relied on police reports or his arrest record. *See id.* at 11–12. As a result of these errors, Mr. Gomez-Carbajal asserts that his sentence was procedurally flawed and substantively unreasonable. *See id.* at 5.

Following a review of the record and the parties' briefs, we affirm the district court's order.

## II

We review the decision to grant or deny a sentence reduction for abuse of discretion. *See United States v. Caraballo-Martinez,* 866 F.3d 1233, 1238 (11th Cir. 2017). "[U]nder the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call." *In re Rasbury,* 24 F.3d 159, 168 (11th Cir. 1994). This standard generally allows a range of choices to the district court that will be affirmed as long as that choice is not a clear error

25-11255                Opinion of the Court                            5

of judgment. *See United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989) (citation omitted).

### III

"Under 18 U.S.C. § 3582(c)(1)(A), a district court may not grant compassionate release unless it makes three findings." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) (citing *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021)). First, there must be extraordinary and compelling reasons that warrant a sentence modification. *See id.* Second, the § 3553(a) factors must favor early release. *See id.* Third, doing so would not endanger any person or the community within the meaning of policy statement in U.S.S.G. 1B1.13. *See id.*[1]

A district court may address these requirements in any order and is not required to analyze all three of the statutory requirements. *See id.* Failure to satisfy even one of these requirements is fatal. *See id.*

The district court balanced the § 3553(a) factors and determined that a sentence reduction was not warranted. Mr. Gomez-

---

[1] The policy statement explains that courts are to assess dangerousness according to the factors provided in 18 U.S.C. § 3142(g). Under § 3142(g), a court is to consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g)(1)–(4).

Carbajal argues that the court erred by not factoring into its analysis his new circumstances. He says that he now has "a home, a job, clothes, etc., and any other help needed to make the transition from prison to home . . . in Mexico," and that this was not the case when he was originally sentenced. *See* Appellant's Br. at 9.

A district court, however, is not required to address "each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). If the court makes clear that it considered "a number of the sentencing factors," then no error was committed. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). Consideration of the relevant factors does not mean that exhaustive analysis is required, but only enough that meaningful appellate review can take place. *See United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017).

The district court made clear in its order that it had considered the § 3553(a) factors. *See* D.E. 79 at 5. The district court noted the nature of Mr. Gomez-Carbajal's offense, *see* § 3553(a)(1), his prior record, *see id.*, that reducing his sentence would not reflect the seriousness of his offenses and would not promote respect for the law or promote deterrence, s*ee* § 3553(a)(2)(A), (B), and that he remains a danger to the community, s*ee* § 3553(a)(2)(C). The basis for the court's dangerousness finding was that Mr. Gomez-Carbajal "possessed a significant quantity of pure methamphetamine and two loaded firearms when arrested, which he apparently intended to use against law enforcement . . . [a]s evidenced by his criminal

25-11255                 Opinion of the Court                 7

arrest history and immigration violations, he demonstrates zero respect for the law." D.E. 79 at 5. On this record, that was squarely the court's decision to make and we cannot say that it was in error.[2]

Mr. Gomez-Carbajal also contends that the district court erred by relying on erroneous information in determining that he remained a danger to the community. *See* Appellant's Br. at 10. He argues that the court erred in relying on police reports or his arrest record in reaching this conclusion, which is forbidden under *United States v. Valentin*, 21 F.3d 395 (11th Cir. 1994), *Shepard v. United States*, 544 U.S. (2005), and *United States v. Sneed*, 600 F.3d 1326 (11th Cir. 2010).

There is no indication that the district court relied on police reports in finding that Mr. Gomez-Carbajal remains a danger to the community as he asserts in his brief. Instead, the court relied on the presentence investigation report that was prepared in advance of his sentencing. *See* D.E. 50 at 6, 19–20. That report contained an account of Mr. Gomez-Carbajal's actions when the officers approached him and explained that he "reached in the direction of two guns that were either on or leaning up against the front passenger seat." App. D.E. 27 at 8.

Under our precedent, "[a] sentencing court's findings of fact may be based on undisputed statements in the PSI." *United States v.*

---

[2] The dangerousness finding stands regardless of whether we review the finding for abuse of discretion of for clear error. *Cf. United States v. Hurtado*, 779 F.2d 1467, 1472 (11th Cir. 1985) (holding that a finding of dangerousness under 18 U.S.C. § 3142(g) is reviewed for clear error).

*Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (citing *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989)). Mr. Gomez-Carbajal did not object to any of the facts contained in the PSI at his original sentencing. *See* App. D.E. 27 at 21. Accordingly, the facts contained in the PSI could form the basis for a finding of dangerousness. We cannot say that the court erred in making such a finding.

Because we conclude that the district court did not err in its analysis of the § 3553(a) factors, we do not reach Mr. Gomez-Carbajal's argument that it failed to consider his extraordinary and compelling reasons for compassionate release in combination as opposed to individually. *See Giron*, 15 F.4th at 1347.

## IV

The district court's order is affirmed.

**AFFIRMED.**