**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tommy Hill JONES, Rickie Lockhart,**
**Defendants–Appellants.**

No. 91–8438.

United States Court of Appeals,
Eleventh Circuit.

Sept. 15, 1993.

Gregory Stuart Smith, Federal Defender Program, Inc., Atlanta, GA, for Lockhart.

Donald Samuel, Garland & Samuel, P.C., Atlanta, GA, for Jones.

William R. Toliver, Asst. U.S. Atty., Atlanta, GA, for U.S.

Before COX and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

Defendants were convicted under all counts of a multi-count indictment charging narcotics offenses.

## I.

█ Both defendants seek reversal based on remarks made by government counsel in oral argument. One remark referred to defendants' "sell[ing] cocaine and crack knowing what it does to people, knowing the misery it causes." The second remark was: "If you sit on five, six, seven more juries during the course of your life, I doubt that you will find a case with evidence more overwhelming than this." Neither defendant made an objection or motion for mistrial. Counsel's remarks, if error at all, do not even approach plain error.

## II.

█ The court found that Jones was not entitled to a two-level adjustment in the offense level for being a minor participant. He was not the supplier, but the court concluded that he set up transactions and had some decision-making authority. He was not a mere "mule" but acted as a sort of middleman through whom buys were made. The informant contacted Jones when he wanted to make a buy. Jones would tell him whether the drugs and quantity desired were available and would set the times and locations for the buy. Jones was present at some buys, and at times the money was handed to him. At some of the buys a person working for Jones would make the actual delivery of the drugs purchased. On this evidence, the court's finding was not plainly erroneous.

## III.

█ The court did not err in applying a two-point adjustment to Lockhart's sentence for possession of a dangerous weapon during commission of the offense. According to the PSI the weapon, a handgun loaded with six rounds, was found in Lockhart's apartment on the headboard of the master bed. There was evidence that Lockhart "cooked" cocaine at the apartment, made deliveries there to a juvenile courier, and when agents searched and found the pistol they also found drug-handling paraphernalia.

## IV.

█ Lockhart contends that in sentencing him the court improperly departed upward because he was not given notice before the hearing that it would consider upward departure and of any possible ground for upward departure. The PSI did not suggest that an upward departure would be considered, and before the hearing the government made no such suggestion. In *Burns v. U.S.*, —— U.S.

——, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), the Court held that, before a sentencing court can depart upward on a ground not identified as a ground for an upward departure either in the PSI or in a pre-hearing submission by the government, F.R.Crim.P. 32 requires that the court give the parties reasonable notice that it is contemplating such action. *Id.* at ——, 111 S.Ct. at 2187. If not clear from *Burns* itself the subsequent caselaw clearly requires that the defendant must be given notice before the hearing. *U.S. v. Paslay,* 971 F.2d 667, 673 (11th Cir. 1992); *U.S. v. Wright,* 968 F.2d 1167, 1173–74 (11th Cir.1992), *vacated on other grounds,* —— U.S. ——, 113 S.Ct. 2325, 124 L.Ed.2d 238 (1993); *U.S. v. Cornog,* 945 F.2d 1504, 1513–14 (11th Cir.1991). It is not enough, as the government contends to us, that Lockhart had an opportunity to speak to the issue of upward departure and that he did not ask for additional time to address the issue or request a continuance.

■ The PSI categorized Lockhart as a career offender under U.S.S.G. § 4B1.1, based upon two predicate offenses of robbery in 1981, said to have been committed when Lockhart was age 17. As the sentencing hearing began Lockhart's counsel stated objections to possible career offender characterization: the two predicate offenses were related because within the same scheme of activity and done within a short span, one was committed while Lockhart was only 17, and in one of the convictions the plea requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), were not met. The prosecution responded that the two offenses did not occur on a single occasion, both were armed robberies, they occurred in separate counties, and Lockhart was charged and sentenced in separate jurisdictions. The prosecution concluded with what it called "at least an appropriate argument" that even if the offenses were treated as related there was "probable" ground for upward departure because consol-

idating the two offenses would result in underreporting of criminal history.

The succeeding 15 to 20 pages of the transcript of the sentencing hearing were devoted to the issue of relatedness of the two priors. Counsel for Lockhart addressed the objections that he had stated.[1] When presentation of these issues was concluded the court ruled that Lockhart did not meet the requirements for a career offender because the two priors were related and both could not be counted for the purpose of applying the career offender provisions. Rec. 6, p. 485. The judge explained that even if the two priors had not been related there was basis for a downward departure under § 5K2.0. He explained that Lockhart had no personal involvement in one of the offenses though he might have been an aider and abettor. He referred to Lockhart's age and inexperience, and he noted that it was unsettled whether Lockhart had been properly advised of his rights in one of the priors. *Id.* at 485–86. He concluded:

> So even if these were not related offenses, I do think that they would justify a downward departure for the reasons stated, because I think all of these factors are matters that the Guidelines had not anticipated in applying the career offender provisions in the manner in which they are applied. And, finally, from my review of the pre-sentence report, I think that the indicated punishment, based upon the amount of controlled substances involved under the guideline calculation without application of the career offender provisions, certainly satisfies the goals of punishment and deterrence in this particular case.

*Id.* at 486.

The court then turned to the issues of enhancement for possession of a dangerous weapon, enhancement based on Lockhart's being a leader, organizer or supervisor, and the issue of acceptance of responsibility. When these inquiries had been completed the court inquired of counsel whether its ruling

---

1. With respect to the *Boykin* objection, the government contended, by analogy to habeas corpus, that Lockhart must show cause and prejudice to question the voluntariness of his plea to one of the priors. The transcript of the sentenc-

ing in that prior was missing and no longer available, and the government attempted to remedy this deficiency by showing the trial judge's allegedly uniform sentencing practices.

that the two priors were related would preclude their being used to determine Lockhart's criminal history category. Rec. 6, p. 489. The probation officer responded that the finding that the priors were related had "[brought] the criminal history category down to level three." *Id.* The court then announced:

> I am going to exercise a discretion that I am given pursuant to the application notes which points out if the defendant commits a number of offenses on independent occasions, even though I don't feel like this was a sufficient situation to trigger the independent offenses for the purpose of applying the career offender, I certainly think that there were—that there is enough evidence of separate offenses here that it would be under reflected in the guideline calculation.

*Id.* at 489–90. The court explained that the offenses that it was considering as "committed on independent occasions" were one of the two priors found to be related (the judge did not include the prior in which Lockhart was not personally involved) plus other offenses. This added three points to Lockhart's criminal history, producing a criminal history category of four. The judge's calculation, he announced, produced a guideline range of 262 to 327 months.

The court then inquired whether there were objections to its calculations. Counsel for Lockhart announced that he would preserve his objections based on possession of a dangerous weapon and role in the offense and added: "We also would enter an objection to the upward departure." Rec. 6, p. 491. The court did not pursue the matter further nor did counsel. The dialogue shifted to possible downward departure on grounds not relevant to our decision. Following argument by counsel the court announced that it would sentence at the upper mid-level of the 262–327 guideline range, and it chose 310 months. Rec. 6, p. 496. Prior to the court's upward departure the range would have been 235–293 months imprisonment.

In *Paslay* this court announced that in cases in which the defendant was sentenced after June 13, 1991, the date on which *Burns* was decided, if the defendant did not receive notice, he must make an objection, to the sentencing court, based on *Burns,* and if no objection was made the case would be reviewed only for plain error. 971 F.2d at 674 n. 13. We hold there was plain error. Before the hearing it was not self evident or readily foreseeable that an issue of underrepresentation would be addressed at the sentencing hearing. The issue surfaced initially by the prosecution's brief reference to it "as at least an appropriate argument" and a "probable ground." The hearing proceeded on relatedness, and on other issues described above. Only after the judge ruled that the two priors were related and ruled on other grounds for enhancement and possible downward departure, did he ask for comment on a possible upward departure. Also, the judge's consideration, and his announcement, had been preceded by his statement that a sentence based upon amount of controlled substances "satisfies the goals of deterrence in this particular case." Rec. 6, p. 486. Additionally, Lockhart was sentenced only 15 days after *Burns* issued. Neither counsel nor court [2] referred to it, and we can fairly assume that both were unaware of it.

In the circumstances of this case, the failure to give pre-hearing notice to Lockhart was a failure so obvious and substantial that it seriously affected the fairness and integrity of his sentencing hearing. It does not suffice to suggest that had notice been given the judge might well have reached the same decision about an upward departure. *Burns'* purpose was to insure that a decision as critical as an upward departure will be tested by the adversarial process. See —— U.S. at ——, 111 S.Ct. at 2187. By not providing Lockhart with notice that it might depart upward if his prior sentences were found to be related, the court diluted Lockhart's right to comment on the appropriate sentence and prevented the decision to depart upward from being fully tested by the adversarial process. The Sentencing Guidelines are a

---

**2.** *See U.S. v. Jones,* 899 F.2d 1097 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), in which we instructed the district court to "elicit from counsel an articulation of the grounds on which the objection is based."

complex and rapidly evolving area. Lockhart's counsel could not be expected to create effective arguments without advance notice. *See Paslay,* 971 F.2d at 673.

In *U.S. v. Wright,* decided 18 days before *Paslay* but not referred to in *Paslay,* this court had strongly reiterated the *Burns* principle. It quoted with approval that part of Justice Souter's dissent in *Burns* that described the purpose of notice and the inadequacy of contemporary notice given to a defendant at the hearing:

> such a practice would be of little use in reducing the risk of error in sentencing determinations. A contemporaneous warning of upward departure might sharpen defense counsel's rhetoric, but it would not be of much help in enabling him to present evidence on disputed facts he had not previously meant to contest, or in preparing him to address the legal issue of the adequacy of the Guidelines in reflecting a particular aggravating circumstance. *Contemporaneous notice, would, then, probably turn out to be more a formality than a substantive benefit.*

968 F.2d at 1173 (*quoting Burns,* — U.S. at —— n. 4, 111 S.Ct. at 2193 n. 4 (Souter, J., dissenting)). Thus, in *Wright* this court recognized that contemporaneous events at the sentencing hearing may not be useful in "reducing the risk of error in sentencing determinations" and noted the possibility that contemporaneous notice would turn out to be merely a formality rather than a substantive benefit. Failure to give effect to the plain error rule in the circumstances before us would enshrine untouched a flawed sentencing determination. It would be antithetical to the *Burns* aim of a clean, risk-free sentencing procedure.

 *Paslay* also indicated that, because failure to give notice implicates due process rights, review of a *Burns* violation would be subject to a test of harmless error beyond reasonable doubt. 971 F.2d at 674. We cannot say that the failure in this case was error harmless beyond reasonable doubt. A sentencing error is harmless if the record as a whole shows that the error did not affect the district court's selection of the sentence imposed. *Williams v. U.S.,* — U.S. ——, ——, 112 S.Ct. 1112, 1121, 117 L.Ed.2d 341 (1992). Lockhart's counsel was prepared to,

and did, subject to the adversarial process the issue of whether the two priors were related, not that—if they were found to be related—Lockhart's criminal history would be underrepresented. On appeal Lockhart has presented arguments directed to underrepresentation that were not made at the sentencing hearing. We cannot conclude beyond reasonable doubt that if the district court had heard these arguments it still would have departed upward. The prejudice to Lockhart is evident. The upward departure to criminal history four had a direct impact on the length of the sentence, indeed it was expressly intended to lengthen the sentence.

The convictions of Jones and of Lockhart are AFFIRMED. The sentence of Jones is AFFIRMED. The sentence of Lockhart is VACATED and the case against him is REMANDED for resentencing.

COX, Circuit Judge, specially concurring:

I join the court's opinion except for that part addressing the sentencing issue raised by Lockhart; as to that part, I concur in the result.