[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14949
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:11-cr-00012-TJC-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIS ALPHONSO WILLIAMS,
a.k.a. Will,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 5, 2012)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Willis Alphonso Williams pled guilty to

passing and uttering false financial instruments, in violation of 18 U.S.C. §§ 514(a)(2), and the district court varying upward from the prescribed Guidelines sentence range, which called for a prison sentence of 41 to 51 months, sentenced Williams to a prison term of 75 months. He now appeals, arguing that his sentence is both procedurally and substantively unreasonable. We affirm.

I.

Between March and November 2010, Williams and Lashonda Barry were involved in a scheme to pass counterfeit commercial checks. As part of this scheme, the pair would locate homeless individuals, use their identifying information to create counterfeit checks, drive them to various businesses (mostly Walmart stores), and instruct them to cash the checks. Williams and Barry paid their recruits $75 for cashing each check. During the course of the enterprise, the pair attempted to pass 106 counterfeit checks totaling nearly $105,000, while the actual loss amount was approximately $21,000.

Williams's criminal record reveals that, beginning in 1985, Williams had been convicted on at least 30 separate occasions for various crimes. Many of these offenses were relatively minor, such as driving without a license or with an improper tag. Many were more serious, however, and included possession of illegal drugs, theft, battery, giving false names to the police, burglary, and escape

2

from jail. On one occasion, Williams was convicted in federal district court for an offense nearly identical to the one here, namely, recruiting persons to negotiate counterfeit checks.

In preparing the presentence investigation report and calculating the Guidelines sentence range for Williams's offense, the court's probation officer assigned the offense a base offense level of 7, pursuant to U.S.S.G. § 2B1.1(a)(1). The officer added 8 levels under § 2B1.1(b)(1)(E) because the amount of intended loss exceeded $70,000; added 4 levels under § 3B1.1(a) because Williams was an organizer or leader of the criminal activity; and subtracted 3 levels under § 3E1.1 for acceptance of responsibility. Based on five of Williams's prior convictions, the probation officer placed him in a criminal history category of V, which, combined with the total offense level of 16, yielded a sentence range of 41 to 51 months in prison.

At the sentencing hearing, the district court provided a comprehensive explanation for why a sentence above the sentence range was appropriate. It discussed the seriousness of Williams's offense, observing that he played a major role in the scheme, that he recruited homeless persons, and that the offense involved over 100 counterfeit checks, occurred over a period of time, and would not have stopped but for the intervention of law enforcement. The court also

3

discussed at length Williams's extensive criminal history, characterizing it as "fairly remarkable" and stressing the fact that he was previously convicted in federal court for a nearly identical check fraud scheme. The court further stated that the Guidelines were "not quite there" and "remarkably forgiving for repeat economic crimes offenders." It then sentenced Williams to 75 months in prison to be followed by five years of supervised release.

II.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). First, we determine whether the district court committed any "significant procedural error" and, second, whether the sentence was "substantively reasonable under the totality of the circumstances." *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010). "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines sentence range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). "The review for substantive unreasonableness involves examining the totality of the circumstances, including

an inquiry into whether the statutory factors [set out in 18 U.S.C.] § 3553(a) support the sentence in question." *Id.* at 1324.[1]

If the district court determines that a sentence outside the prescribed sentence range is appropriate, "it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation omitted). However, we only reverse a sentence due to a variance "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation omitted).

Williams alleges only one procedural error, namely, that the district court considered an improper factor in imposing the variance by expressing its concern that the Guidelines were overly lenient towards economic-crime offenders. We

---

[1] Under § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's further crimes. 18 U.S.C. § 3553(a)(2). Other factors to be considered in imposing a sentence include the nature and circumstances of the offense, the history and characteristics of the defendant, the available sentences, the applicable guideline range, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

need not decide the merits of this issue, however, because the court's statements regarding the Guidelines' leniency formed only a minor part of its explanation for the sentence. The court placed much more emphasis on the seriousness of Williams's offense and his extensive criminal history, which, as discussed below, amply supported the variance in question. Thus, the court's disagreement with the applicable Guidelines, even if improper, at most constituted harmless error. *See United States v. Jones*, 1 F.3d 1167, 1171 (11th Cir. 1993) ("A sentencing error is harmless if the record as a whole shows that the error did not affect the district court's selection of the sentence imposed."); *see also United States v. Williams*, 456 F.3d 1353, 1371-72 (11th Cir. 2006) (holding that the district court's consideration of an impermissible factor at sentencing did not constitute harmless error because the court devoted "the overwhelming majority of its explanation" to the improper factor), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

As to substantive unreasonableness, Williams argues that nothing extraordinary about his case justified a major variance, as the Guidelines sentence range had already accounted for the seriousness of his offense and his criminal history. However, while the sentence range accounted for several aggravating factors, such as the loss amount and William's leadership role in the offense, the

6

district court could still consider these factors as a basis for varying upwards. *See United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010) (stating that a district court can impose a variance based on factors that it had already considered in applying a guideline enhancement), *cert. denied*, 131 S.Ct. 2166 (2011).

Moreover, the district court considered other aggravating circumstances that were not reflected in the sentence range. Specifically, the court noted that Williams and his accomplice used homeless persons to carry out their scheme and that the offense involved over 100 counterfeit checks and occurred over a prolonged period of time. Moreover, the court heavily emphasized Williams's criminal history, which included a number of serious offenses and extended far beyond the five prior convictions used to calculate his criminal history score under the Guidelines. Thus, in light of the aggravated nature of Williams's offense and his extensive criminal history, the court could reasonably conclude that no sentence less than 75 months would adequately reflect the seriousness of the crime, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from Williams's further crimes. *See* 18 U.S.C. § 3553(a)(1)-(2); *Shaw*, 560 F.3d at 1239-41 (upholding as reasonable a 120-month sentence that significantly exceeded the guideline range of 30 to 37 months, in large part due to the defendant's extensive criminal history). We also

note that Williams's sentence of 6.25 years fell far below the statutory maximum sentence of 25 years, which further indicates its substantive reasonableness. *See Gonzalez*, 550 F.3d at 1324 (concluding that a sentence was reasonable in part because it was well below the statutory maximum).

Because Williams's sentence is procedurally and substantively reasonable, it is

AFFIRMED.