[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13064
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cr-00035-JA-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRET B. DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 27, 2016)

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Ramiret Davis appeals his sentence on only one of his three convictions --
possessing a firearm in furtherance of a crime of violence -- after being found
guilty by jury trial.  He was resentenced  to 76 months (an upward variance from

the mandatory minimum sentence of 60 months) to run consecutive to his sentences on the other counts. On appeal, he challenges the procedural reasonableness of his sentence, arguing that: (1) the district court did not adequately articulate the reasons for its sentence at the resentencing hearing, as required by 18 U.S.C. § 3553(c); and (2) the district court based the sentence on erroneous facts, and this error was not harmless. After thorough review, we affirm in part, and vacate and remand in part.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). When sentencing objections are raised for the first time on appeal, we consider them under the plain error doctrine. United States v. Garrison, 133 F.3d 831, 848 (11th Cir. 1998). In order to establish plain error, a defendant must show: (1) error (2) that is plain and (3) affects substantial rights. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). If all three conditions are met, then we may exercise our discretion to correct an error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. For a defendant to adequately preserve an objection, he must raise the objection in such clear and simple language that the trial court may not misunderstand it or mistake it for a different objection. United States v. Massey, 443 F.3d 814, 819 (11th Cir.

2

2006).  Under United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006), the question of whether a district court complied with § 3553(c) is reviewed de novo, even if the defendant did not object at the sentencing hearing.

In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]  The court shall, at the time of sentencing, state the reasons for its imposition of a particular sentence.  18 U.S.C. § 3553(c).  If the sentence is outside the guidelines range, the court must state its specific reasons in a statement of reasons form.  18 U.S.C. § 3553(c)(2).  Section 3553(c) does not require a judge to specifically state his or her consideration of every § 3553(a) factor or argument, as long as the record reflects that the judge took into account the factors and the

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

parties' arguments.  Rita, 551 U.S. at 356-58 (2007); accord United States v. Ghertler, 605 F.3d 1256, 1262 (11th Cir. 2010).

When the district court bases a sentence on clearly erroneous facts without support in the record, we will vacate and remand for resentencing.  United States v. Barner, 572 F.3d 1239, 1251 (11th Cir. 2009).  However, a sentencing error can be harmless if the record as a whole shows that the error did not affect the district court's selection of the sentence imposed.  United States v. Jones, 1 F.3d 1167, 1171 (11th Cir. 1993).  A court does not abuse its discretion by enhancing a defendant's sentence on the basis of undisputed facts contained in the PSI, since those facts are deemed admitted if not objected to by the defendant.  United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006).

Here, the record from the resentencing hearing reflects that the district court considered the § 3553(a) factors and the arguments of the parties when imposing a sentence, and that the court stated enough reasons in open court to support the sentence and to meet the requirements of § 3553(c).  The court noted the relevant circumstances of the offense, the § 3553 factors, the relevant parts of Davis' criminal history, including probation violations, and the facts in the PSI, which were adopted as factual findings.  The court also considered the mitigating evidence presented by Davis.  The court expressly took into consideration Davis's payment of the special assessment and restitution, and lowered his sentence length

4

by eight months because he had paid.  Thus, no matter the standard of review we apply to this issue, the district court did not procedurally err when it articulated the reasons for Davis' sentence.

We agree with Davis, however, that the district court procedurally erred by basing the sentence on an erroneous fact -- that Davis' grand theft probation had been violated, when it had not -- and this error was not harmless.[2]  As the record shows, the order following the resentencing hearing explained that the court had based the upward variance in part on Davis' inability or unwillingness to comply with supervision, and listed four probation violations -- including the violation of Davis' grand theft probation.  According to the PSI, however, the grand theft probation had not been violated.  The court's statement of reasons also contained four checked boxes and two written grounds supporting the sentence: (1) the seriousness of the offense; and (2) the fact that Davis had his probation revoked for cocaine charges.  The court noted that Davis' probation for grand theft had been violated for possession with intent to distribute cocaine, although it said that it did not know the bases for the grand theft probation violation at the time of resentencing and did not consider the bases in determining the length of the sentence.  In any event, the record is clear that the district court relied at the

---

[2] We review this issue for abuse of discretion.  Davis properly preserved the objection by raising it in simple terms at the resentencing hearing, fulfilling the requirements of Massey, 443 F.3d at 819.  We do not expect him to specifically object to an error at the resentencing hearing that occurred after the resentencing hearing in the court's subsequent order and statement of reasons.

5

resentencing hearing, at least in part, on Davis' violation of his grand theft probation, even though that particular probation had not been violated.

Because the court placed a large emphasis on Davis' noncompliance with supervision in deciding to impose an upward variance, we cannot say that this error was harmless. Indeed, the government has not shown that the court placed equal or greater weight on other facts or § 3553 factors. Accordingly, we vacate and remand for resentencing on Count Three.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**