[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10438

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LADARIUS DE'SHAUN JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:21-cr-00234-LSC-SGC-1

_____

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Ladarius De'Shaun Jones appeals his 126-month sentence for one count of possession with intent to distribute a controlled substance and one count of possession of a firearm during and in relation to a drug trafficking crime. Jones argues that the district court plainly erred under Rule 32(h) of the Federal Rules of Criminal Procedure by departing upward from the prescribed sentencing guidelines range without providing advance notice to him. The government concedes that this error warrants vacating Jones's total sentence and remanding the case for resentencing. We agree with the parties that the court plainly erred under Rule 32(h).[1] We vacate and remand for resentencing.

## I.

When a party fails to preserve a sentencing issue, we review the issue for plain error. *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017). Jones failed to object to the district court's failure to provide notice before it departed upward from the sentencing guidelines, so plain-error review applies.

Plain-error review requires that: (1) there is an error; (2) the error is plain; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public

---

[1] We do not reach the issues that Jones raises in the alternative.

reputation of the judicial proceedings. *United States v. Cingari*, 952 F.3d 1301, 1305 (11th Cir. 2020) (quotation marks omitted).

We begin with the first two prongs: plain error. An error is a deviation from a legal rule. *United States v. Hesser*, 800 F.3d 1310, 1324 (11th Cir. 2015). The error is plain if "the legal rule is clearly established at the time the case is reviewed on direct appeal." *Id.* at 1325. Federal Rule of Criminal Procedure 32(h) provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed. R. Crim. P. 32(h).

Rule 32(h)'s notice requirement applies only to departures, not to variances. *Irizarry v. United States*, 553 U.S. 708, 716 (2008). "'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." *Id.* at 714. A variance, on the other hand, "is a sentence imposed outside the guidelines range when the court determines that a guidelines sentence will not adequately further the purposes reflected in 18 U.S.C. § 3553(a)." *United States v. Hall*, 965 F.3d 1281, 1295 (11th Cir. 2020).

To determine whether a district court applied a departure or a variance, we consider "whether it cited a specific guidelines

departure provision in setting the defendant's sentence, or whether its rationale was based on the § 3553(a) factors and a determination that the guidelines range was inadequate." *Id.* at 1296. "When there is an ambiguity in the oral sentencing, as opposed to a conflict between the oral pronouncement and the written judgment," we examine the written judgment to determine the district court's intention in sentencing the defendant. *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983).

Although the district court did not characterize its action as a departure at Jones's hearing, it also did not correct defense counsel when she used that term. The court likewise did not use the term "variance" or refer to the § 3553(a) factors in support of Jones's total sentence. At best, the judge's commentary at oral sentencing is ambiguous as to whether the court's sentence was a departure or a variance.

"When there is an ambiguity in the oral sentencing, as opposed to a conflict between the oral pronouncement and the written judgment," we examine the written judgment to determine the district court's intention in sentencing the defendant. *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983). In the district court's written statement of reasons, it left the portions of the form regarding variances blank. Instead, it characterized its actions as a "departure" in several places on the form and listed specific provisions governing departure as outlined in the U.S. Sentencing Commission Guidelines Manual. Viewed as a whole, the record indicates that the court *departed*, rather than varied, from the guidelines. *See Hall*, 965 F.3d at 1295.

Criminal defendants must receive "notice . . . of the specific grounds for any upward departure that a sentencing court is

considering." *United States v. Paslay*, 971 F.2d 667, 673 (1992) (emphasis omitted) (citing *Burns v. United States*, 501 U.S. 129, 135 (1991)).  This notice "must affirmatively indicate that an upward departure is appropriate based on a particular ground." *United States v. Paslay*, 971 F.2d 667, 673–74 n.11 (1992).  It must identify and provide factual support for "each and every ground offered in support of an upward departure . . . within a 'reasonable' amount of time *prior* to the sentencing hearing." *Id.* (emphasis added).  Contemporaneous notice of a departure at a sentencing hearing is "more a formality than a substantive benefit" and is thus inherently unreasonable even when the essential facts of the case are not in dispute.  *United States v. Valentine*, 21 F.3d 395, 398 (11th Cir. 1994) (quotation marks omitted).

The district court plainly erred in this case.  It did not provide Jones with notice of a contemplated departure before the sentencing hearing as required by Rule 32(h).  The presentence investigation report identified no factors that would warrant a departure, and the government never moved for a departure or submitted a presentence filing identifying the basis for such an action.  Therefore, Jones had no reason to anticipate, before sentencing, that the district court might depart upward.  The court's contemporaneous notice of its intent to depart upward did not comply with Rule 32(h).  Thus, its failure to give advance notice of its intent to depart upward was plainly erroneous.  *See Hesser*, 800 F.3d at 1324.

Moving to the third prong, the error affects a defendant's substantial rights "if there is a reasonable probability of a different result absent the error." *Hesser*, 800 F.3d at 1325. Based on the court's comments during the sentencing hearing, it seems that it based its upward departure on §§ 5K2.10, 5K2.8, 5K2.14 of the U.S. Sentencing Commission Guidelines Manual, which allows for departures under limited circumstances.  Jones has identified several arguments that he would have raised to contest the upward departure had he received proper notice.  For example, Jones says that he would have argued that § 5K2.10 of the U.S. Sentencing Commission Guidelines Manual does not warrant a departure of this nature because that provision only permits downward departures. Furthermore, he would have argued that his conduct did not present the kind of unusually heinous, cruel, brutal, or degrading conduct required under § 5K2.8.  Finally, he would have argued that his actions lacked a sufficient effect on public health or safety to justify an upward departure under § 5K2.14.  Jones's inability to present these counterarguments affected his substantial rights because his resulting total sentence was nearly twice as severe as his proposed guidelines range. *See Hesser*, 800 F.3d at 1325; *Valentine*, 21 F.3d at 398.

As to the fourth prong, our precedent establishes that the court's error affected the fairness of the sentencing proceedings.  In *Jones*, we held that the district court's failure to give notice under Rule 32 "was a failure so obvious and substantial that it seriously affected the fairness and integrity of his sentencing hearing."

*United States v. Jones*, 1 F.3d 1167, 1170 (11th Cir. 1993). While "the judge might well have reached the same decision about an upward departure," the purpose of providing notice to a defendant is to ensure that "a decision as critical as an upward departure will be tested by the adversarial process." *Id.* Jones was entitled to proper notice so that he could prepare and present arguments to contest the proposed upward departure. His inability to do so affected the fairness of his proceedings.

The district court departed upward from the sentencing guidelines to sentence Jones to twice the guidelines range recommendation in violation of Rule 32(h). Because it did so without the presentence investigation report's backing, a party's filing, or a judicial indication giving notice of such a possibility, we conclude that it plainly erred. Thus, we vacate Jones's total sentence and remand his case for resentencing.

**VACATED AND REMANDED.**